IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROSEMARIE H. TRUMAN
43988 Indian Field Court
Leesburg, Virginia 20176

      PLAINTIFF

v.

FRED B. GOLDBERG
1250 Connecticut Avenue
Suite 200
Washington, D.C. 20006

And

JULIAN H. SPIRER            CASE NUMBER: _____
7101 Wisconsin Avenue, N.W.
Suite 1201
Bethesda, Maryland 20814

And

SPIRER & GOLDBERG, P.C.
    Serve on Registered Agent:
    Fred B. Goldberg
    927 15th Street, N.W.
    Washington, D.C. 20005

      DEFENDANTS
\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

COMES NOW the Plaintiff, ROSEMARIE H. TRUMAN, by and through her undersigned counsel, David G. Whitworth, Jr., and Toni-Ann DiMaggio, of Whitworth & Trunnell, PA, and files this claim against the Defendants, FRED B. GOLDBERG, and JULIAN H. SPIRER, and SPIRER & GOLDBERG, P.C., and states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff, Rosemarie H. Truman (hereafter referred to as "Truman" or "Plaintiff"), is an adult citizen and resident of the State of Virginia.

2. Defendant Fred B. Goldberg (hereinafter referred to as "Goldberg," and collectively with Defendant Julian H. Spirer as "Spirer/Goldberg") is an attorney who regularly engages in the practice of law in the District of Columbia, and has a principal place of business located in the District of Columbia.

3. Defendant Julian H. Spirer (hereinafter referred to as "Spirer," and collectively with Fred B. Goldberg as "Spirer/Goldberg") is an attorney who is admitted to the DC Bar and regularly engages in the practice of law in the District of Columbia, and has a principal place of business in Bethesda, Maryland.

4. Spirer & Goldberg, P.C. is a law firm organized as a professional corporation in the District of Columbia. At one time Spirer & Goldberg, P.C. was registered to do business in the State of Maryland; however, the legal status to do business in Maryland was forfeited.

5. An attorney client relationship between Truman and Goldberg, Spirer, and Spirer & Goldberg, P.C., was entered into in the District of Columbia.

6. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332, as there is diversity of citizenship between the parties and the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) dollars, exclusive of interest and costs.

## SUMMARY OF THE CASE

7. Truman incorporates by reference, paragraphs 1 – 6, as though fully set forth herein.

8. Spirer/Goldberg were engaged to represent Truman in her pursuit to recover fraudulently withdrawn funds from an account she held with Merrill Lynch, Pierce, Fenner, Smith, Inc. (hereinafter "Merrill Lynch"), in addition to claims involving other entities for use of her funds without authorization. On or about November 13, 2003, Spirer/Goldberg filed a request on behalf of Truman for arbitration with the National Association of Securities Dealers (hereinafter "NASD") in Washington D.C. against Merrill Lynch.

9. On or about September 17, 2004, a Complaint for Declaratory Judgment and Motion for Summary Judgment were filed by Merrill Lynch in the Circuit Court for Montgomery County, Maryland.

10. On December 13, 2004, the Circuit Court for Montgomery County, entered Summary Judgment in favor of Merrill Lynch, in the declaratory judgment action Spirer/Goldberg negligently represented Truman through the course of their conduct, resulting in Truman's inability to recover her funds.

11. Spirer/Goldberg continued to represent Truman through appeal.

12. Truman was unaware of the harm caused by the negligent misrepresentation by Spirer/Goldberg until March 30, 2006, when the Court of Special Appeals of Maryland entered an opinion affirming the Circuit Court for Montgomery County's decision to grant Summary Judgment in favor of Merrill Lynch.

## BACKGROUND FACTS

13. Truman incorporates by reference, paragraphs 1 – 12, as though fully set forth herein.

14. In December 1999, Truman and Paul King ("King") were romantically involved, and lived together in Bethesda, Maryland, eventually becoming engaged. However, in September of 2000, the engagement ended.

15. Truman had a Merrill Lynch Open Cash Management Account (hereinafter "Merrill Lynch account"), which she opened in May of 1997, solely in her name. Truman authorized no others to have access to her Merrill Lynch account, which she had not authorized.

16. Around the time that the relationship ended, Truman learned that a majority of her funds in her Merrill Lynch account had been depleted through the use of checks and electronic transfers.

17. Plaintiff previously reported to Merrill Lynch concerning her difficulty in gaining online access to her account, and also complained to Merrill Lynch that she had not been receiving account statements, and of her continued difficulties accessing her account over the internet.

18. In investigating the depletion of her funds, Truman discovered that King had obtained a two (2) credit cards through MBNA America Bank, N.A. (hereinafter "MBNA"), using Truman's name and credit worthiness, without her authorization.

19. Additionally, Truman learned that her Hyatt Hotel points program account, and the United Airlines frequent flyer account had been utilized by King, without Truman's authorization.

20. King and Truman appeared at the law offices of Spirer and Goldberg, P.C. for the purpose of engaging an attorney to draft a note memorializing King's agreement to repay Truman, Four Hundred Fifty Thousand Dollars ($450,000.00).

21. Spirer drafted a Promissory Note identifying Truman as holder, and King as borrower in the amount of Four Hundred Fifty Thousand Dollars ($450,000.00).

22. The Promissory Note bears a December 8, 2000, notarized signature of Paul King.

23. Thereafter, King refused to acknowledge the signature on the Promissory Note as his signature, and refused to make payments to Truman as set forth in the Note.

24. Plaintiff engaged Spirer/Goldberg for legal representation concerning the fraudulent transfer and use of her funds and credit.

25. Spirer/Goldberg selected a course of action to pursue an action against MBNA in the United States District Court of Maryland for issuance of the unauthorized credit cards; to pursue King in a civil action in the Circuit Court for Montgomery County; and to enter into a tolling agreement with Merrill Lynch.

26. On May 29, 2001, Spirer/Goldberg, on behalf of Truman, entered into a tolling agreement with Merrill Lynch.

27. Subsequently, June 21, 2001, Spirer/Goldberg filed a civil suit against King in the Circuit Court for Montgomery County Circuit Court, Maryland, styled as *Rosemarie H Truman v. Paul King*, (hereinafter "*Truman v. King*") case number: 223188.

28. On October 4, 2001, Spirer/Goldberg filed a civil suit in the United States District Court of Maryland, against the card issuer that issued the credit cards to King without Truman's authorization, styled as *Rosemarie H Truman v. MBNA North America Bank, N.A.*, Case Number: AMD 01 CV 2943.

29. According to the Court's Scheduling Order in *Truman v King*, Spirer/Goldberg on Truman's behalf was required to identify any experts who would testify on behalf of Truman, on or before November 19, 2001. Spirer/Goldberg failed to identify any expert witnesses

30. On July 12, 2002, counsel for Truman and King filed a Joint Pretrial Statement in accordance with the Court's Scheduling Order, wherein the parties were to identify their witnesses, including expert witnesses.

31. In the Joint Pretrial Statement King's counsel identified a handwriting expert witness. Spirer/Goldberg failed to identify any expert witnesses on Truman's behalf, including, but not limited to, identification of a handwriting expert.

32. After having failed to identify expert witnesses to support Truman's case, Spirer/Goldberg's trial strategy was to rely upon the testimony of King's expert witness, by issuing a subpoena to the expert.

33. King's counsel filed a Motion to Quash the subpoena issued to their handwriting expert, on the grounds that the defense had not received a report from the expert, and would not call the handwriting expert to testify, which Motion the Court granted.

34. Spirer/Goldberg were left to present a case without an expert, where the central issue in the complaint was largely centered on the authentication of signatures, which required expert testimony.

35. On October 12, 2002, the Court issued an Order as a discovery sanction, prohibiting Truman the use of evidence gleaned from Truman's and King's computers, as a result of the Spirer/Goldberg's failure to obey the Court's previous Orders that were issued in response to King's Motions to Compel Discovery.

36. Goldberg identified Spirer as a witness in *Truman v. King*, to testify regarding the initial meeting between Spirer, King, and Truman.

37. King filed a Motion in Limine to Preclude Plaintiff's Advocate-Counsel from Testifying as a Witness, to which Goldberg filed an Opposition on October 15, 2002.

38.  The Court denied King's Motion to preclude the testimony of Spirer.

39.  Trial commenced on December 4, 2002, resulting in the issuance of an Order on April 24, 2003, where the Court denied Truman any of the relief she sought, and further awarded King Two Thousand Dollars ($2,000.00) on his counter-complaint.

40.  Without expert testimony, Spirer/Goldberg were unable to meet their burden to establish King as the maker of the signatures, and thus could not prove that King had fraudulently obtained use of Truman's funds.

41.  Trial in *Truman v. King* concluded on or about March 21, 2003.

42.  On Truman's behalf, Spirer/Goldberg noted an appeal to the Court of Special Appeals on May 7, 2003. However, Spirer/Goldberg failed to provide a transcript of the proceedings to the Court of Special Appeals, which resulted in the issuance of an Order by the Court of Special Appeals, warning that the Court would dismiss the appeal pursuant to Maryland Rule 8-602(a), unless Spirer/Goldberg supplied the transcript.

43.  On July 29, 2003, Spirer/Goldberg received a letter by fax from Larry F. Ziegler, a forensic document examiner with Forensic Document Solutions, with an opinion as to authenticity of the signature on checks drawn on the Merrill Lynch account.

44.  In or about July, 2003, Ziegler concluded that the signatures on Truman's Merrill Lynch account checks were simulations, and were not signed or endorsed by Truman.

45.  On November 6, 2003, in accordance with the terms set forth in the tolling agreement, Merrill Lynch notified Spirer/Goldberg that it was ending the tolling agreement, and that the limitations period would start to run again on November 16, 2003.

46.  On November 13, 2003, Spirer/Goldberg filed for arbitration with National Association of Securities Dealers (hereinafter "NASD") dispute resolution in order to resolve

Truman's complaints regarding the manner in which Merrill Lynch safe guarded and maintained her account.

47. On or about December 1, 2003, the Court of Special Appeals dismissed Truman's appeal from *Truman v King*.

48. Spirer/Goldberg failed to inform Truman that the Court of Special Appeals dismissed her appeal as a result of Spirer/Goldberg's failure to order the transcript.

49. On September 17, 2004, Merrill Lynch filed a Complaint for Declaratory Judgment and Motion for Summary Judgment in the Circuit Court for Montgomery County, styled as *Merrill Lynch Pierce Fenner & Smith Inc. v. Rosemarie H Truman*, Case Number: 254716V, relating to Truman's request for arbitration filed in the NASD filed by Spirer/Goldberg.

50. On December 13, 2004, the Circuit Court Montgomery County entered Summary Judgment on the Declaratory Judgment action in favor of Merrill Lynch on the grounds of non-mutual collateral estoppel.

51. Truman could not have known that her claim against Merrill Lynch was barred until after the Court issued judgment on the Declaratory Judgment action on December 13, 2004.

52. Spirer/Goldberg timely noted an appeal to the Court of Special Appeals, and on March 30, 2006, the Court of Special Appeals affirmed the decision of the trial court in entering Summary Judgment for Merrill Lynch

### COUNT I - NEGLIEGENT MISREPRESENTATION

53 Truman incorporates by reference, paragraphs 1 – 52, as though fully set forth herein.

54. At all times relevant hereto, Spirer/Goldberg held themselves out to Truman and the public as attorneys knowledgeable in civil litigation in matters in Maryland State and federal courts.

55. Truman engaged, entrusted, and relied upon Spirer/Goldberg to secure the return of her account funds which Merrill Lynch negligently safe-guarded, and which King fraudulently obtained, as well as from other entities that King utilized for his own purposes and without Truman' authorization.

56. Truman engaged and entrusted Spirer/Goldberg to pursue her claims, and relied upon the advice of Spirer/Goldberg to competently pursue her claims in the manner set forth herein.

57. Therefore, Spirer/Goldberg owed Truman the degree of skill, care, learning, diligence, and professional competence ordinarily used by members of their profession practicing civil litigation and acting under similar circumstances.

58. Further, Spirer/Goldberg owed Truman the degree of skill, care, learning, diligence, and professional competence ordinarily used by members of their profession licensed to practice in the Circuit Court of Maryland, the United States District Court for Maryland, and the NASD arbitration board.

59. Spirer/Goldberg failed to use the degree of care and skill that reasonably competent attorneys acting under similar circumstances would use by taking the course of action described herein, and by failing to advise Truman of any potential consequences of the course of actions taken.

60. Spirer/Goldberg failed to use the degree of care and skill that reasonably competent attorneys acting under similar circumstances would use by failing to engage a handwriting expert witness for use in the *Truman v. King* litigation.

61. Spirer/Goldberg failed to use the degree of care and skill that reasonably competent attorneys acting under similar circumstances would use by failing to competently pursue an action before the NASD arbitration board against Merrill Lynch.

62. Spirer/Goldberg failed to use the degree of care and skill that reasonably competent attorneys acting under similar circumstances would use by failing to timely order and transmit a copy of the transcript in the appeal from the *Truman v. King* decision.

63. Spirer/Goldberg failed to use the degree of care and skill that reasonably competent attorneys acting under similar circumstances would use by failing to appropriately pursue an action against MBNA.

64. As a direct and proximate result of Spirer/Goldberg's negligence as set forth above and otherwise, Truman was forever barred from seeking recovery against Merrill Lynch, MBNA America, and Paul King in an amount in excess of Seven Hundred Fifty Thousand Dollars ($750,000.00) in compensatory damages, including loss of use of funds, additional attorneys' fees and expenses in her attempt to mitigate her damages.

WHEREFORE, the Plaintiff, Rosemarie H. Truman, claims damages and demands judgment against the Defendants, Fred B. Goldberg, and Julian H. Spirer, jointly and severally in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00), including prejudgment interest, plus costs and post-judgment interest and any other relief which this Court finds her entitled.

## COUNT II – RESPONDEAT SUPERIOR

65    Truman incorporates by reference, paragraphs 1 – 64, as though fully set forth herein.

66    Spirer & Goldberg, P.C. is a law firm with offices in the District of Columbia and organized and registered in the District of Columbia.

67.   Fred B. Goldberg, Esq., is an attorney in the law firm of Spirer & Goldberg, P.C.

68.   At all times relevant, Goldberg was acting within the scope of his employment at Spirer & Goldberg, P.C.

69    Goldberg's legal representation of Truman was in furtherance of the business of Spirer & Goldberg, P.C.

70.   Goldberg's professional negligence in his representation of Truman arose from acts that were incident to the performance of duties to the law firm of Spirer & Goldberg, P.C.

71.   Julian H. Spirer, Esq., is an attorney in the law firm of Spirer & Goldberg, P.C.

72.   At all times relevant, Spirer was acting within the scope of his employment at Spirer & Goldberg, P.C.

73    Spirer's legal representation of Truman was in furtherance of the business of Spirer & Goldberg, P.C.

74.   Spirer's professional negligence in his representation of Truman arose from acts that were incident to the performance of duties to the law firm of Spirer & Goldberg, P.C.

WHEREFORE, the Plaintiff, Rosemarie H. Truman, claims damages and demands judgment against the Defendant, Spirer & Goldberg, P.C. jointly and severally, in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00), including pre-judgment interest, plus costs, and post-judgment interest and any other relief which this Court finds her

entitled.

                         Respectfully submitted,

                         David G. Whitworth, Jr.
                         Bar Number:   224139
                         Toni-Ann DiMaggio
                         Bar Number:   490860
                         Whitworth & Trunnell, P.A.
                         2101 Defense Highway
                         Crofton, MD  21114
                         (301) 261-0035; facsimile (301) 261-0114
                         DWhitworth@WSTLaw.com
                         TDiMaggio@WSTLaw.com
                         *Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROSEMARIE H. TRUMAN<br>43988 Indian Field Court<br>Leesburg, Virginia 20176 | *<br><br>* | |
| PLAINTIFF | * | |
| v | | |
| FRED B. GOLDBERG<br>1250 Connecticut Avenue<br>Suite 200<br>Washington, D.C. 20006 | *<br><br><br>* | |
| And | * | |
| JULIAN H. SPIRER<br>7101 Wisconsin Avenue, N.W.<br>Suite 1201<br>Bethesda, Maryland 20814 | *<br><br>*<br><br>* | CASE NUMBER: _____ |
| DEFENDANTS<br>And | * | |
| SPIRER & GOLDBERG, P.C.<br>  Serve on Registered Agent:<br>  Fred B. Goldberg<br>  927 15th Street, N.W.<br>  Washington, D.C. 20005 | *<br><br>*<br><br>* | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEMAND FOR TRIAL BY JURY

Plaintiff, ROSEMARIE H. TRUMAN, hereby demands a trial by jury.

Respectfully submitted,

*/s/*

David G. Whitworth, Jr.      Bar Number:  224139
Toni-Ann DiMaggio           Bar Number:  490860
Whitworth & Trunnell, P.A.
2101 Defense Highway
Crofton, MD  21114
(301) 261-0035; facsimile (301) 261-0114
DWhitworth@WSTLaw.com  TDiMaggio@WSTLaw.com

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Rosemarie H. Truman

## DEFENDANTS
Fred B. Goldberg
Julian H. Spirer
Spirer & Goldberg, P.C.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION OF THE TRACT OF LAND INVOLVED

### (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David G. Whitworth, Jr
Toni-Ann DiMaggio
Whitworth & Trunnell, P.A.
2101 Defense Highway
Crofton, Maryland 21114
301-261-0035

### ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ● 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ● B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USCA 1332, diversity jurisdiction, professional negligence/legal malpractice

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 750,000.00   Check YES only if demanded in complaint   JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form

DATE 8/31/07   SIGNATURE OF ATTORNEY OF RECORD [signature]

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause

VIII   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form