IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROSEMARIE H. TRUMAN,           *

                                   *

        Plaintiff,           *

                                   *      Civil Action No.: 07-cv-1556 (RMU)

v.                             *

                                 *

FRED B. GOLDBERG, et al.,       *

                                 *

        Defendants.       *

                                 *

## DEFENDANTS' ANSWER TO COMPLAINT

In accordance with Federal Rule of Civil Procedure 12, the Defendants, Frederick ("Fred") B. Goldberg, Esquire, Julian H. Spirer, Esquire, and Spirer & Goldberg, P.C., by and through their attorneys, JORDAN, COYNE & SAVITS, L.L.P., Deborah Murrell Whelihan, and Wesley P. Gelb, answer the Complaint filed by the Plaintiff, Rosemarie H. Truman, and state as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Defendants aver that any and all averments not affirmatively admitted herein are denied. Answering the enumerated paragraphs of the Complaint, the Defendants state as follows:

1.      As to paragraph 1 of the Complaint, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of paragraph 1 regarding the Plaintiff's residency.

2.      As to paragraph 2 of the Complaint, the Defendants admit that Mr. Goldberg is an attorney licensed to practice law in the District of Columbia and in Maryland and that he practices law in the District of Columbia, but deny that Mr. Goldberg's principal place of business is located in the District of Columbia.

3.      As to paragraph 3 of the Complaint, the Defendants admit that Mr. Spirer is an attorney licensed to practice law in the District of Columbia and in Maryland and that he practices law in the District of Columbia and maintains a principal place of business in Maryland.

4.      As to paragraph 4 of the Complaint, the Defendants admit that the Defendant, Spirer & Goldberg, P.C., is a law firm and that it was organized in the District of Columbia.  As to the remaining averments of paragraph 4, those averments are legal conclusions to which no response by the Defendants is required.

5.      As to paragraph 5 of the Complaint, the Defendants admit that Defendant Spirer & Goldberg, P.C. entered into an attorney-client relationship with the Plaintiff, but, as to the remaining averments, that the relationship was entered into in the District of Columbia and that Defendant Spirer and Defendant Goldberg were part of the attorney-client relationship, those averments are legal conclusions to which no response by the Defendants is required.

6.      As to paragraph 6 of the Complaint, paragraph 6 contains legal conclusions to which no response is required.  However, as to the jurisdictional averment that the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), the Defendants are without knowledge or information sufficient to form a belief as to the truth of that averment.

7.      As to paragraph 7 of the Complaint, the Defendants adopt and incorporate herein by reference their responses to the averments set forth in paragraphs 1 through 6 of the Complaint.

8.      As to paragraph 8 of the Complaint, the Defendants admit that Defendant Spirer & Goldberg, P.C. was retained by the Plaintiff to pursue her claims that funds that had been withdrawn from her account with Merrill Lynch, Pierce, Fenner, Smith, Inc. (hereinafter "Merrill Lynch") without her alleged authority.  The Defendants admit that they filed a request for arbitration with the National Association of Securities Dealers.

9.      As to paragraph 9 of the Complaint, the Defendants admit the averments contained in paragraph 9 of the Complaint.

10.      As to paragraph 10 of the Complaint, the Defendants admit that the Circuit Court for Montgomery County entered Summary Judgment in favor of Merrill Lynch against the Plaintiff on or about December 13, 2004.  The Defendants deny that they negligently represented the Plaintiff and they deny that their actions affected the Plaintiff's ability to allegedly recover her funds.

11.      As to paragraph 11 of the Complaint, the Defendants admit that they continued to represent the Plaintiff after the Circuit Court granted Summary Judgment in favor of Merrill Lynch through the appeal of that judgment.

12.      As to paragraph 12 of the Complaint, the Defendants deny that they negligently misrepresented the Plaintiff, deny that they committed any acts of professional negligence, and deny that the professional judgments that they made in the course of representing the Plaintiff caused her alleged harm.  As to the remaining averments of paragraph 12, the Defendants deny

3

that the Plaintiff was unaware of the of the decision made by the Circuit Court for Montgomery

County and deny that the Plaintiff was unaware of the effect of that decision until the Court of

Special Appeals issued its opinion, affirming the trial court.

13.     As to paragraph 13 of the Complaint, the Defendants adopt and incorporate herein

by reference their responses to the averments set forth in paragraphs 1 through 12 of the

Complaint.

14.     As to paragraph 14 of the Complaint, the Defendants are without knowledge or

information sufficient to form a belief as to the truth of the averments contained in that

paragraph.

15.     As to paragraph 15 of the Complaint, the Defendants admit that the Plaintiff had

an account with Merrill Lynch.  As to the remaining averments of that paragraph, the Defendants

are without knowledge or information sufficient to form a belief as to the truth of the averment of

paragraph 15.

16.     As to paragraph 16 of the Complaint, the Defendants are without knowledge or

information sufficient to form a belief as to the truth of the averments contained in that

paragraph.

17.     As to paragraph 17 of the Complaint, the Defendants are without knowledge or

information sufficient to form a belief as to the truth of the averments contained in that

paragraph.

18.     As to paragraph 18 of the Complaint, the Defendants are without knowledge or

information sufficient to form a belief as to the truth of the averments contained in that

paragraph.

19.     As to paragraph 19 of the Complaint, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in that paragraph.

20.     As to paragraph 20 of the Complaint, the Defendants admit that the Plaintiff and Mr. King appeared at their law offices, ostensibly for the purpose of the Plaintiff and Mr. King reaching an agreement about their differences.  As to the remaining averments of paragraph 20, the Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments.

21.     As to paragraph 21 of the Complaint, the Defendants deny the averments of that paragraph.

22.     As to paragraph 22 of the Complaint, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in that paragraph.

23.     As to paragraph 23 of the Complaint, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 23 of the Complaint.

24.     As to paragraph 24 of the Complaint, the Defendants admit that the Plaintiff retained Defendant Spirer & Goldberg, P.C. concerning her claims about Mr. King's unauthorized use of her funds and credit.

25.     As to paragraph 25 of the Complaint, the Defendants admit that they filed actions against MBNA, Paul King, and Merrill Lynch to pursue the Plaintiff's claims and they admit that they entered into a tolling agreement with Merrill Lynch.

26.     As to paragraph 26 of the Complaint, the Defendants admit that they entered into a tolling agreement with Merrill Lynch on or about May 29, 2001.

27.     As to paragraph 27 of the Complaint, the Defendants admit the allegations contained in that paragraph.

28.     As to paragraph 28 of the Complaint, the Defendants admit that, on behalf of the Plaintiff, they filed a suit in the United States District Court against MBNA North America Bank regarding the Plaintiff's claim that MBNA North America Bank issued credit cards to Paul King without authorization.

29.     As to paragraph 29 of the Complaint, the Defendants aver that the Scheduling Order described in paragraph 29 of the Complaint speaks for itself, but admit that  Scheduling Order issued by the Circuit Court for Montgomery County contained a deadline for the Plaintiff to identify expert witnesses.  The Defendants deny that they "failed" to identify expert witnesses, but contend that they made a strategic decision.

30.     As to paragraph 30 of the Complaint, the Defendants admit the allegations contained in that paragraph.

31.     As to paragraph 31 of the Complaint, the Defendants aver that the Joint Pretrial Statement described in paragraph 31 of the Complaint speaks for itself.

32.     As to paragraph 32 of the Complaint, the Defendants deny the averments of that paragraph 32, except that they admit that they issued a subpoena to Mr. King's handwriting expert.

33.     As to paragraph 33 of the Complaint, the Defendants admit the allegations contained in that paragraph.

34.    As to paragraph 34 of the Complaint, the Defendants deny the allegations contained in that paragraph.

35.    As to paragraph 35 of the Complaint, the Defendants aver that the Order described in paragraph 35 of the Complaint speaks for itself.  The Defendants deny that the Order described in paragraph 35 was a result of their actions and contend that the Order resulted solely from the Plaintiff's conduct.

36.    As to paragraph 36 of the Complaint, the Defendants admit the allegations contained in that paragraph.

37.    As to paragraph 37 of the Complaint, the Defendants aver that the Motion and Opposition described in paragraph 37 of the Complaint speak for themselves.

38.    As to paragraph 38 of the Complaint, the Defendants admit the allegations contained in that paragraph.

39.    As to paragraph 39 of the Complaint, the Defendants admit the allegations contained in that paragraph.

40.    As to paragraph 40 of the Complaint, the Defendants admit that they could not prove that King had fraudulently taken the Plaintiff's funds but deny the remaining allegations contained in that paragraph.

41.    As to paragraph 41 of the Complaint, the Defendants admit the allegations contained in that paragraph.

42.    As to paragraph 42 of the Complaint, the Defendants admit that they noted an appeal to the Court of Special Appeals for the Plaintiff.  As to the remaining averments of the paragraph, the Defendants admit that they did not initially obtain the transcript with the express

authority of the Plaintiff.  As to the Order issued by the Court of Special Appeals, that Order

speaks for itself and requires no responsive averment from the Defendants.

43.    As to paragraph 43 of the Complaint, the Defendants aver that the letter described

in paragraph 43 of the Complaint speaks for itself.

44.    As to paragraph 44 of the Complaint, the Defendants aver that the letter and its

contents referenced in paragraph 44 of the Complaint speak for themselves.

45.    As to paragraph 45 of the Complaint, the Defendants aver that the letter described

in paragraph 45 of the Complaint speaks for itself.

46.    As to paragraph 46 of the Complaint, the Defendants aver that they filed for

arbitration before the NASD to pursue the Plaintiff's Complaints against Merrill Lynch.

47.    As to paragraph 47 of the Complaint, the Defendants admit the allegations

contained in that paragraph.

48.    As to paragraph 48, the Defendants deny the averments contained in paragraph 48

of the Complaint.

49.    As to paragraph 49 of the Complaint, the Defendants admit the allegations

contained in that paragraph.

50.    As to paragraph 50 of the Complaint, the Defendants admit the allegations

contained in that paragraph.

51.    As to paragraph 51 of the Complaint, the Defendants deny the allegations

contained in that paragraph.

52.    As to paragraph 52 of the Complaint, the Defendants admit the allegations

contained in that paragraph.

53.     As to paragraph 53 of the Complaint, the Defendants adopt and incorporate herein by reference their responses to the averments set forth in paragraphs 1 through 52 of the Complaint.

54.     As to paragraph 54 of the Complaint, the Defendants believe themselves to be competent practitioner of civil litigation who have practiced civil litigation since their respective admission to practice of law.  The Defendants deny that they "held themselves out to the public or to the Plaintiffs" as attorneys knowledgeable in civil litigation but admit that they are knowledgeable in civil litigation in Maryland State and federal courts.

55.     As to paragraph 55 of the Complaint, the Defendants admit that the Plaintiff retained them to pursue her claims against Mr. King, against Merrill Lynch, and against MBNA North America Bank, but deny that the Plaintiff relied upon them to secure the return of her funds.  As to the remaining averments relating to Merrill Lynch negligently safeguarding funds and relating to whether Mr. King obtained monies belonging to the Plaintiff fraudulently and without her authority, the Defendants are without knowledge or information sufficient to form a belief as to the truth of those averments.

56.     As to paragraph 56 of the Complaint, the Defendants admit that the Plaintiff retained them to pursue her claims.  As to the remaining allegations of paragraph 56, the Defendants are without knowledge or information sufficient to form a belief as to the truth of those averments.

57.     As to paragraph 57 of the Complaint, paragraph 57 of the Complaint contains legal conclusions to which no response by the Defendants is required.

58.     As to paragraph 58 of the Complaint, paragraph 58 of the Complaint contains legal conclusions to which no response by the Defendants is required.

59.     As to paragraph 59 of the Complaint, the Defendants deny that they failed to communicate with the Plaintiff about their actions or the consequences of those actions.  As to the remaining averments of that paragraph, those averments are legal conclusions to which no response by the Defendants is required.

60.     As to paragraph 60 of the Complaint, paragraph 60 of the Complaint contains legal conclusions to which no response by the Defendants is required.

61.     As to paragraph 61 of the Complaint, paragraph 61 of the Complaint contains legal conclusions to which no response by the Defendants is required, but the Defendants deny that they acted negligently in their representation of the Plaintiff.

62.     As to paragraph 62 of the Complaint, paragraph 62 of the Complaint contains legal conclusions to which no response by the Defendants is required, but the Defendants deny that they acted negligently in their representation of the Plaintiff.

63.     As to paragraph 63 of the Complaint, paragraph 63 of the Complaint contains legal conclusions to which no response by the Defendants is required, but the Defendants deny that they acted negligently in their representation of the Plaintiff.

64.     As to paragraph 64 of the Complaint, paragraph 64 of the Complaint contains legal conclusions to which no response by the Defendants is required, but the Defendants deny that they acted negligently in their representation of the Plaintiff.

65.     As to paragraph 65 of the Complaint, the Defendants adopt and incorporate herein by reference their responses to the averments set forth in paragraphs 1 through 64 of the Complaint.

66.     As to paragraph 66 of the Complaint, the Defendants admit the averments contained in paragraph 66 of the Complaint.

67.     As to paragraph 67 of the Complaint, the Defendants admit the averments contained in paragraph 67 of the Complaint.

68.     As to paragraph 68 of the Complaint, the Defendants admit the averments contained in paragraph 68 of the Complaint.

69.     As to paragraph 69 of the Complaint, the Defendants admit the averments contained in paragraph 69 of the Complaint.

70.     As to paragraph 70 of the Complaint, paragraph 70 of the Complaint contains legal conclusions to which no response by the Defendants is required, but the Defendants deny that Mr. Goldberg acted negligently in his representation of the Plaintiff.

71.     As to paragraph 71 of the Complaint, the Defendants admit the averments contained in paragraph 71 of the Complaint.

72.     As to paragraph 72 of the Complaint, the Defendants admit the averments contained in paragraph 72 of the Complaint.

73.     As to paragraph 73 of the Complaint, the Defendants admit the averments contained in paragraph 73 of the Complaint.

74.    As to paragraph 74 of the Complaint, paragraph 74 of the Complaint contains

legal conclusions to which no response by the Defendants is required, but the Defendants deny

that Mr. Spirer acted negligently in his representation of the Plaintiff.

## THIRD DEFENSE

The Complaint is, or may be, barred by statute of limitations.

## FOURTH DEFENSE

The Defendants deny that they were negligent and aver that they acted with that degree of

care and skill that reasonably competent attorneys acting in similar circumstances would use and

that they breached no duties, in tort or contract, owed to the Plaintiff.

## FIFTH DEFENSE

The Complaint is barred by the doctrine of judgmental immunity and by the doctrine of

impossibility.

## SIXTH DEFENSE

The Defendants aver that the injuries, losses, and damages, if any, suffered by the

Plaintiff are, or may be, the result of her sole and/or contributory negligence and/or her

assumption of the risk.

## SEVENTH DEFENSE

The Defendants allege that there has been a failure by the Plaintiff to mitigate any of her

alleged damages.

## EIGHTH DEFENSE

The Defendants aver that Plaintiff's claims are, or may be, barred by the doctrines of in

pari delicto and/or unclean hands.

**NINTH DEFENSE**

The Defendants have no information or knowledge to form a belief as to the truth of the

Plaintiff's alleged damages, injuries, and/or losses as to set forth in the Complaint, and,

accordingly, deny the same and demand strict proof thereof.


WHEREFORE, having fully answered the Plaintiffs' Complaint, the Defendants,

Frederick B. Goldberg, Esquire, Julian H. Spirer, Esquire, and Spirer & Goldberg, P.C., request

that the Complaint be dismissed with prejudice and that appropriate costs be awarded in their

favor.

Respectfully submitted,

**JORDAN, COYNE & SAVITS, L.L.P.**


By:     /s/ ***Deborah Murrell Whelihan***
Deborah Murrell Whelihan, #412454
1100 Connecticut Avenue, NW
Suite 600
Washington, D.C.  20036
(202) 296-4747
(202) 496-2800 facsimile
d.whelihan@jocs-law.com


By:     /s/ ***Wesley P. Gelb***
Wesley P. Gelb, #490007
1100 Connecticut Avenue, NW
Suite 600
Washington, D.C.  20036
(202) 296-4747
(202) 496-2800 facsimile
w.gelb@jocs-law.com

## JURY DEMAND

The Defendants demand a trial by jury on all issues.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Answer was served electronically and

mailed, postage prepaid, this 16th day of October, 2007, to:

> David G. Whitworth, Jr., Esquire
> Toni-Ann DiMaggio, Esquire
> Whitworth & Trunnell, P.A.
> 2101 Defense Highway
> Crofton, MD 21114

> /s/ Wesley P. Gelb
> Wesley P. Gelb