IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSEMARIE H. TRUMAN, | * |
| Plaintiff, | * |
| v. | * Civil Action No.: 07-cv-1556 (RMU) |
| FRED B. GOLDBERG, et al., | * |
| Defendants. | * |

**JOINT MEET AND CONFER STATEMENT**

Pursuant to Federal Rule of Civil Procedure 26(f), LCvR 16.3(d), and this Court's Order for Initial Scheduling Conference dated October 17, 2007, the Parties submit this Joint Report and the accompanying Proposed Scheduling Order to this Honorable Court and state as follows:

A.   **Nature of Case, Identities of the Parties, and Jurisdictional Basis**

The plaintiff, Rosemarie Truman, filed this lawsuit against her former attorneys, Fred B. Goldberg, Julian H. Spirer, and Spirer & Goldberg, P.C., alleging malpractice and negligent misrepresentation. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332 as there is diversity of citizenship between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00). The central issues are whether the defendants' failure to retain a handwriting expert in the underlying litigation amounted to a breach of the standard of care, whether a handwriting expert's opinion would have changed the outcome of the underlying litigation, and whether the defendants failed to properly arbitrate a matter involving Merrill Lynch which was originally filed with the National Association of Securities Dealers.

B.     **Matters Set Forth in Local Rule 16.3(c)**

1.     **Likelihood This Case Will Be Disposed Of By Dispositive Motion**

The defendants believe that this case is likely to be disposed of by dispositive motion and intend to file a dispositive motion once discovery has been completed. The plaintiff does not agree that a dispositive motion will be warranted.

2.     **Date For Joining Other Parties And Agreed Upon Issues**

The Parties presently do not anticipate joining any other parties. The Parties believe that there should be no deadline for amendments to the pleadings, but that amendments should be governed by the standards set forth in Fed. R. Civ. P. 15 and the cases interpreting that rule. The Parties will endeavor to reach agreement with each other about any undisputed factual or legal issues and will attempt to narrow any disputed factual and legal issues during discovery and after discovery is competed.

3.     **Assignment To A Magistrate Judge**

The Parties do not agree to the assignment of a Magistrate Judge.

4.     **Possibility of Settlement**

There is no realistic possibility of settlement at this time, but the Parties will discuss settlement as discovery progresses.

5.     **Alternative Dispute Resolution**

The Parties have discussed this Honorable Court's alternative dispute resolution ("ADR") procedures and programs. At this time, the Parties do not believe that mediation or ADR would be appropriate. The Parties anticipate that, during discovery, they will have the opportunity to engage in informal settlement negotiations. To the extent that any formal ADR should take

place, the Parties believe that ADR should only occur after discovery is completed. The Parties do not agree to arbitration or to a neutral evaluation. The Parties will, of course, comply with any Court order for ADR, and, to the extent that this Honorable Court deems ADR to be warranted and disagrees with the opinions of the Parties, suggest mediation with a Magistrate Judge after discovery, rather than mediation with an outside, private mediator.

**6.    Proposed Dispositive Motion Schedule**

Proposed dates for the filing of dispositive motions and cross-motions, for the filing of oppositions, and replies are included in the Parties' proposed Scheduling Order.

Because of the complicated issues involved in the case and because no discovery has been conducted, the defendants are not in a position to file their summary judgment motion and suggest that summary judgments be filed thirty (30) days after the close of discovery.

**7.    Initial Disclosures**

The Parties believe that initial disclosures should be made in accordance with Federal Rule of Civil Procedure 26(a)(1).

**8.    Discovery**

Due to the complexity of the issues of alleged legal malpractice and due to the complexity of underlying Maryland litigation matters from which this case derives, the Parties propose that they be given at least twelve (12) months to complete discovery.

The Parties have attached a Proposed Scheduling Order and believe that they should be able to complete all discovery by December 31, 2008. Because this matter is a legal malpractice action, the Parties anticipate that they may possibly request protective orders or an order of confidentiality, governing the disclosure of certain protective and confidential documents in

discovery depending upon the discovery requests made by the other Party.

    9.    **Proposed Schedule of Expert Discovery**

The Parties do not believe any revisions are necessary to the requirement of the exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2). The Parties do believe that there should be a deadline for each side to identify all of their proposed experts and that the deposition of experts should be allowed within the time frame for discovery following the depositions of all of the fact witnesses.

    10.    **Class Actions**

The present case does not involve a class action.

    11.    **Bifurcation Of Trial Or Discovery**

The Parties do not believe that bifurcation will be useful. The Parties do believe that discovery might be handled in phases with the depositions of expert witnesses following a deadline for the depositions of all fact witnesses.

    12.    **Pretrial Conference Schedule**

The Parties suggest that a pre-trial conference be scheduled sixty (60) days after this Honorable Court rules on any filed motions for summary judgment and that trial date be scheduled at that pre-trial conference.

The Parties propose that pretrial statements be filed thirty (30) days following the decision on any Motion for Summary Judgment, and that a pretrial conference be scheduled sixty (60) days after any such decision.

13. **Trial Date**

The Parties agree that, in the event that this matter is not resolved by dispositive motion, this Honorable Court should set a trial date at the pre-trial conference between sixty (60) days and ninety (90) days after the pre-trial conference based upon the schedule of this Honorable Court and the schedule of the Parties.  Trial will take at least 7-10 days.

**14. Other Matters**

The Parties have no other matters for inclusion in the Scheduling Order.

Respectfully submitted,

| **WHITWORTH & TRUNNELL, P.A.** | **JORDAN COYNE & SAVITS, L.L.P.** |
|---|---|
| By:___/s/ by WPG with permission_____<br>David G. Whitworth, #224139<br>Toni-Ann DiMaggio, # 490860<br>2101 Defense Highway<br>Crofton, MD 21114<br>(301) 261-0035<br>(301) 261-0114 facsimile<br>DWhitworth@WSTLaw.com<br>TDiMaggio@WSTLaw.com<br><br>Attorneys for Plaintiff | By:___/s/_____<br>Deborah Murrell Whelihan, #412454<br>Wesley P. Gelb, #490007<br>1100 Connecticut Avenue, NW<br>Suite 600<br>Washington, D.C.  20036<br>(202) 296-4747<br>(202) 496-2800 facsimile<br>d.whelihan@jocs-law.com<br>w.gelb@jocs-law.com<br><br>Attorneys for Defendants |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSEMARIE H. TRUMAN, | * |
| | * |
| Plaintiff, | * |
| | *   Civil Action No.: 07-cv-1556 (RMU) |
| v. | * |
| | * |
| FRED B. GOLDBERG, <u>et al.</u>, | * |
| | * |
| Defendants. | * |
| | * |

PROPOSED SCHEDULING ORDER

This matter having come before this Court for an initial Status and Scheduling Conference, and the Court having considered the Joint Report to the Court submitted by counsel, it is hereby ORDERED that the parties will comply with the following schedule:

(1) That the Deadline for First Set of Interrogatories and Document Requests shall be March 31, 2008;

(2) That the Deadline for Plaintiffs to file their Expert Report and Designation shall be June 30, 2008;

(3) That the Deadline for Defendants to file their Expert Report and Designation shall be August 31, 2008;

(4) That the Deadline for all fact witness depositions shall be October 31, 2008;

(5) That the Deadline for Close of Discovery and filing of the Joint Report as to whether either party intends to file for summary judgment shall be December 31, 2008;

(6) That the Deadline for Filing of Dispositive Motions shall be January 30, 2009;

(7)  That the Deadline for Filing of Oppositions to Dispositive Motions, if any Party files for summary judgment shall be February 27, 2009;

(8)  That the Deadline for Filing of Replies in Support of Dispositive Motions, if any party files for summary judgment shall be March 16, 2009;

(9)  That the Pre-Trial Conference date shall be scheduled for sixty (60) days after the Court's decision on any dispositive motions; and

(10)  That the trial date shall be scheduled between sixty (60) days and ninety (90) days after the pre-trial conference.

_____
Ricardo M. Urbina
UNITED STATES DISTRICT JUDGE

Copies To:

David G. Whitworth, Jr., Esquire
Toni-Ann DiMaggio, Esquire
Whitworth & Trunnell, P.A.
2101 Defense Highway
Crofton, MD 21114

Deborah Murrell Whelihan, Esquire
Wesley P. Gelb, Esquire
Jordan, Coyne & Savits, L.L.P.
1100 Connecticut Avenue, N.W.
Suite 600
Washington, DC 20036